### SHARPER v. SECURITY MUT. BEN. ASS'N.

### No. 5529.

Court of Appeal of Louisiana. Second Circuit.

Dec. 3, 1937.

TALIAFERRO, Judge.

Plaintiff brings this suit as sole beneficiary under the provisions of a certificate of insurance issued to his greataunt, Clara Holmes, on September 25, 1935, for $1,000 by the defendant, Security Mutual Benefit Association, a Colorado corporation.

The suit is resisted on the ground that the certificate of insurance is null and void and without effect because: (1) The insured, in her written application for the insurance willfully and falsely misstated her age in that she declared same to be 48 years, whereas she was in fact then 70 or 75 years old; and (2) that she stated in said application that she was then in sound health, which answer, it is alleged, was untrue because at the time she was suffering from chronic myocarditis.

It is further averred by defendant that, had these misstatements of fact not been made, the application would not have been acted on favorably and the certificate sued on issued.

Plaintiff prevailed in the lower court, and defendant has appealed.

No attempt was made to support with proof the charge that the insured was afflicted with any form of myocarditis when she applied for the insurance in question. The coroner's certificate discloses that he diagnosed the cause of her death (which was on June 26, 1936), as being chronic myocarditis, but this does not necessarily imply that this disease was present when the insurance was applied for. There is another legal barrier to this defense. No medical examination of the insured was had or required as a condition precedent to the issuance of the certificate of insurance. Defendant's agent personally knew the insured and personally handled her application. He made inquiry among her friends and neighbors concerning the condition of her health and satisfied himself that the physical risk was a safe one. His knowledge in this respect is imputed to his principal, the insurer. This knowledge, it is presumed, he communicated to his principal. He had ample opportunity to have discovered the existence of any organic disease afflicting her. The law pertinent to such a state of facts is clear. It says: "and it shall also be presumed that the corporation has waived its rights to claim a forfeiture of the policy based on the ground that the assured did not make true and full answers in the application as to the health, habits or occupations whenever it shall appear that the agent of the corporation knew, or might have ascertained with reasonable diligence, the true condition of the applicant's health, or the real facts as to his habits or occupation, knowledge of the agent of the corporation in writing the application or of the collector of the corporation in collecting the premiums from the assured, shall be imputed as notice to the corporation, as to the health, habits or occupation of the assured." Act No. 97 of 1908, as amended by Act No. 195 of 1932. See, also, Act No. 144 of 1936, on the same subject matter.

The insured declared in her application that she was born on September 15, 1887. If this date be correct, she was then 48 years and 10 days old. Under the unambiguous provisions of the policy, if the age of the insured is misstated as greatly as is contended by defendant, surely the validity of the contract of insurance may be successfully assailed for this cause. The question is purely one of fact. As is almost invariably true with colored people, there is no written record of Clara Holmes' birth. It is generally understood among her near relatives that she was born in May or June, 1887, and we think the preponderance of the testimony sustains this family tradition. All the witnesses who gave testimony touching this issue are of the colored race. Some say she was over 60 years old when she died, while others are quite certain that she was not then over 49 years of age. This latter number were in as good a position to know the deceased's age, perhaps better, than were those who gave testimony to the contrary. No good purpose would be promoted in analyzing the testimony of these several witnesses. The lower court was in a much better position to correctly weigh and apply it then are we. Surely no manifest error appears in the trial judge's resolution of these facts. Defendant carried the burden of proving this special defense and failed to discharge it.

In view of the fact that defendant's solicitor knew the insured personally and saw her sign the application for the insurance and wrote her answers to questions therein, a strong inference arises that he accepted as correct the age given by her at the time and incorporated in the application by him. Certainly to him her physical appearance did not indicate that she had passed three score and ten years. The difference in physical appearance between a negro woman 48 years old and one 70 or 75 would be apparent to any one possessed of even fair vision; and, if the insured then had the appearance of being much older than 48, surely the solicitor would not have recommended to his company that the physical risk was acceptable.

The judgment appealed from is affirmed, with costs.